IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KENNETH D. BLAND, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 14-0226-CV-W-ODS ) |
| SYLVIA MATHEW BURWELL, Secretary of the U.S. Department of Health and Human Services, | ) ) ) ) ) |
| Defendant. | ) |

### ORDER AND OPINION GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT AS TO COUNTS I AND III, AND TRANSFERRING COUNT II TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERALCIRCUIT

Pending is Defendant's Motion for Summary Judgment. Doc. #42.

### A. Background

Pro Se Plaintiff Kenneth D. Bland ("Plaintiff") filed the instant action on March 10, 2014. On October 9, 2014, Plaintiff filed his Second Amended Complaint, which raises three counts. Count I alleges Defendant Sylvia Mathew Burwell, Secretary of the U.S. Department of Health and Human Services ("Defendant"), violated Title VII when Defendant terminated Plaintiff's employment due to his sexual orientation, race, and sex. Under Count II, Plaintiff seeks review of the Merit Systems Protection Board ("MSPB") decision upholding his employment termination. In Count III, Plaintiff asserts Defendant violated his procedural due process rights because Defendant revoked his security clearance and did not provide him with review of this revocation.

### B. Legal Standard

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See generally Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and

which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the…pleadings, but…by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### C. Discussion

#### 1. Count I

##### a. Sexual Orientation

Defendant claims that to the extent Count I is based on Plaintiff's sexual orientation, Defendant is entitled to summary judgment. The Court agrees. Sexual orientation is not a protected class under Title VII. *Williamson v. A.G. Edwards and Sons, Inc.*, 876 F.2d 69, 70 (8th Cir. 1989); *see also Simonton v. Runyon*, 232 F.3d 33, 35-36 (2d Cir. 2000). Accordingly, Plaintiff cannot assert a Title VII claim based on sexual orientation.

##### b. Race and Sex

As a preliminary matter, Plaintiff has not alleged any facts in his Complaint suggesting that he was discriminated against based on his race or sex. Merely inserting the words "race" and "sex" in the Count I heading does not constitute factual assertions. Likewise, summarily stating in the concluding paragraph under Count I that he was discriminated against "on the basis of his race, sex and perceived sexual orientation" is insufficient. Doc. #23, page 10. In contrast, Plaintiff makes specific factual allegations as to why he was discriminated based on his sexual orientation. Doc. #23, page 7.

2

Even if Plaintiff's cursory mentions of race and sex in his Complaint were sufficient, Plaintiff's Title VII claims based on race and sex fail because Plaintiff has not exhausted his administrative remedies.[1]  "Federal employees asserting Title VII claims must exhaust their administrative remedies as a precondition to filing a civil action in federal district court."  *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995).  The Civil Service Reform Act ("CSRA") provides a framework for the processing of "mixed cases."  5 U.S.C. § 7702.  A mixed case involves "an adverse personnel action subject to appeal to the [MSPB] coupled with a claim that the action was motivated by discrimination."  *Butler v. West.*, 164 F.3d 634, 638 (D.C. Cir. 1999) (citing *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995)); *Romain v. Shear*, 799 F.2d 1416, 1419 (9th Cir. 1986) (per curiam)).

      A federal employee has two options on how to pursue his mixed case.  The federal employee can either file a mixed case complaint with his agency's Equal Employment Opportunity ("EEO") office or file a mixed case appeal directly with the MSPB.  *McAdams*, 64 F.3d at 1141.  Regardless of which route the federal employee initially chooses, the EEO office and the MSPB are authorized and required to address both the discrimination claims and the civil service issues raised in the mixed case.  *Id.*; 5 U.S.C. § 7702(a).  A federal employee who initially chooses to pursue his mixed case with his agency's EEO office may either file an appeal with the MSPB or a civil action in federal district court "within 30 days of a final decision by the agency or after 120 days have passed without a decision."  *Id.* at 1142; *see also Butler*, 164 F.3d at 638-39.  If the federal employee chooses to appeal the decision of his agency's EEO office to the MSPB, the federal employee may file a civil discrimination action in federal district court "within 30 days of a final decision by the MSPB if the employee has not petitioned for EEOC review of the decision or after 120 days have passed without a final decision."  *McAdams*, 64 F.3d at 1142.  If a federal employee chooses to file an appeal with the

---

[1] Defendant also argues Plaintiff's Title VII claims based on race and sex fail because Plaintiff has not established that similarly situated employees outside the protected class were treated differently.  Doc. #42, pages 13-14.  In support of this argument, Defendant points to Exhibit 1, which Defendant states is its Responses and Objections to Plaintiff's Interrogatories.  Doc. #42, page 7.  The Court's review of Exhibit 1, however, indicates that it is Defendant's Responses and Objections to Plaintiff's Requests for Production, *not* Interrogatories.  Doc. #42-1.  This Exhibit does not provide evidentiary support for the facts asserted for Defendant's argument regarding similarly situated employees.  Accordingly, the Court cannot rule in Defendant's favor based on this argument.

3

MSPB, then that employee is required to exhaust his claims in that forum before filing a civil action. *Id.*; see also *Slingland v. Donahoe*, 542 F. App'x 189, 192 (3d Cir. 2013); *Browder v. Potter*, No. 07-CV-546, 2008 WL 822132, at *5 (M.D. Ala. Mar. 26, 2008).

Here, on February 8, 2011, Plaintiff filed a complaint with his agency's EEO office, asserting that he had been terminated due to his race, sex, and sexual orientation. Doc. #41-2, pages 241-243. On September 7, 2012, a Final Agency Decision was issued, determining Plaintiff was not discriminated against. Doc. #41-2, pages 98-111. On October 30, 2012, Plaintiff appealed the Final Agency Decision to the MSPB. Doc. #41-2, pages 286-90, 375-386. Therein, Plaintiff did not assert that discrimination was a basis for the decision to terminate his employment. *Id.* Notably, Plaintiff does not dispute this fact. Doc. #44, Doc. #49. Because Plaintiff did not continue to assert his claims of discrimination before the MSPB, the Court finds Plaintiff abandoned these claims, and thus, did not exhaust his administrative remedies.

Plaintiff makes several arguments as to why he has properly exhausted his administrative remedies. First, Plaintiff claims he properly raised his discrimination claims in his EEO complaint. Plaintiff further claims that once the Final Agency Decision was issued, he had sufficiently exhausted his administrative remedies. Plaintiff continues that he should not be required to exhaust all possible administrative remedies and that requiring him to exhaust his administrative remedies in front of the MSPB would impose an unnecessary, additional burden. The Court finds this line of reasoning unpersuasive. Plaintiff fails to acknowledge that *he chose* to file an MSPB appeal, and thus, chose an "additional burden." Once Plaintiff decided to appeal the Final Agency Decision to the MSPB, Plaintiff was required to exhaust his administrative remedies in front of the MSPB as well.

Second, Plaintiff argues that if he had not had claims over which the MSPB has jurisdiction, then he would have had the option to appeal the Final Agency Decision to the Office of Federal Operations or to file a lawsuit in federal district court. However, Plaintiff *did* have claims over which the MSPB can exercise jurisdiction, and again, Plaintiff chose to appeal the Final Agency Decision to the MSPB. Because Plaintiff chose to continue the administrative process, he was obligated to exhaust his remedies within his chosen administrative process.

4

Third, Plaintiff argues that the administrative judge in his MSPB proceeding had an obligation to apprise Plaintiff of the applicable burdens of proving certain affirmative defenses, such as discrimination. Plaintiff seems to claim that because the administrative judge did not do this, Plaintiff was not required to present his discrimination claims to the MSPB. However, Plaintiff is putting the cart before the horse. An administrative judge cannot be required to inform Plaintiff about an affirmative defense's burden of proof, if Plaintiff has not presented any affirmative defenses.[2]

For the foregoing reasons, the Court grants summary judgment in Defendant's favor as to Count I.

### 2. Count II

Under Count II, Plaintiff seeks review of the MSPB decision upholding the termination of his employment. In *Kloeckner v. Solis*, the Supreme Court held "Section 7703 of the CSRA governs judicial review of the MSPB's decisions." 133 S. Ct. 596, 601 (2012). The *Kloeckner* Court provided an overview of the statutory regime that governs this judicial review:

> Section 7703(b)(1) gives the basic rule: "Except as provided in paragraph (2) of this subsection, a petition to review…a final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit." Section 7703(b)(2) then spells out the exception:
>
> Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under [the enforcement sections of the Civil Rights Act, Age Discrimination in Employment Act, and Fair Labor Standards Act], as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

*Id.* The *Kloeckner* Court then found that "Section 7702 describes and provides for the 'cases of discrimination' referenced in Section 7703(b)(2)'s exception." *Id.* Section 7702(a)(1) provides:

---

[2] Plaintiff also cites two cases, *Bankston v. White* and *Bullock v. Berrien*, to support his contention that he has exhausted his administrative remedies. 345 F.3d 768 (9th Cir. 2003); 688 F.3d 613 (9th Cir. 2012). However, these Ninth Circuit cases are not binding authority on this Court.

5

> [I]n the case of any employee…who –
>
>> (A) has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and
>>
>> (B) alleges that a basis for the action was discrimination by [specified antidiscrimination statutes],
>>
>> the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures…

The *Kloeckner* Court summarized that "the 'cases of discrimination' in Section 7703(b)(2)'s exception…are mixed cases, in which an employee challenges as discriminatory a personnel action appealable to the MSPB." *Id.* at 602.

Here, while Plaintiff filed a mixed case complaint with his agency's EEO office, asserting that he had been terminated based on his sexual orientation, race, and sex; Plaintiff did not present a mixed case appeal to the MSPB. Doc. #41-2, pages 241-243, Doc. #41-2, pages 286-90, 375-386. In his appeal to the MSPB, Plaintiff did not assert that discrimination was a basis for the decision to terminate his employment. Because Plaintiff did not allege in his MSPB appeal that a basis for his termination was discrimination, as required to satisfy Section 7702(a)(1)(B), Plaintiff's case does not fall within the exception laid out in Section 7703(b)(2). Rather, Plaintiff's claim falls within the ambit of Section 7703(b)(1), and the Federal Circuit, not this Court, has jurisdiction to adjudicate Plaintiff's Count II.[3]

Pursuant to 28 U.S.C. § 1631, when a court determines it lacks jurisdiction to adjudicate a claim, "the court shall, if it is in the interest of justice, transfer such action…to any other such court in which the action…could have been brought at the time it was filed…" Under 5 U.S.C. § 7703, a petition to review a final order of the MSPB "shall be filed within 60 days after the [MSPB] issues notice of the final order…" Here, the MSPB Final Order was issued on February 7, 2014. Doc. #41-1, pages 3-10. Plaintiff filed his petition for review with this Court on March 10, 2014. Doc. #1. Thus, if

---

[3] The MSPB Final Order defined Plaintiff's MSPB Appeal as a mixed case because Plaintiff appealed "from a final agency decision on his equal employment opportunity complaint…" Doc. #41-1, page 8. However, this language does not confer jurisdiction on this Court to adjudicate Count II of Plaintiff's Complaint. Under Section 7702(a)(1)(B), Plaintiff was required to allege in his MSPB appeal that a basis for his termination was discrimination. Plaintiff did not do so.

6

Plaintiff had filed his Complaint in the United States Court of Appeals for the Federal Circuit, it would have been timely filed. Accordingly, in the interest of justice, this Court transfers this case to the United States Court of Appeals for the Federal Circuit for adjudication of Count II.

### 3. Count III

Defendant contends it is entitled to summary judgment on Count III because (1) the Court lacks subject matter jurisdiction to hear Plaintiff's due process claim regarding his security clearance and (2) revocation of a security clearance does not amount to a constitutional violation.

Plaintiff does not reference any legal authority giving this court jurisdiction to hear this type of claim. A *Bivens*[4] action is the only way the Court can conceive that Plaintiff could assert this claim. But even that proposition is problematic, as the Eighth Circuit has ruled the CSRA prohibits Plaintiff from bringing a *Bivens* claim. *McIntosh v. Turner*, 861 F.2d 524, 526-27 (8th Cir. 1988). Specifically, the Eighth Circuit held that, "when Congress has heavily regulated a certain subject – like federal employment – but has said nothing about a right of action for constitutional violations, no such right of action should be recognized under *Bivens* unless congressional inaction has…been inadvertent." *Id.* at 525 (internal quotations and citations omitted). The Eighth Circuit noted, "Congress consciously referred to violation of an employee's constitutional rights as one of the prohibited personnel practices" which the CSRA would cover, but the CSRA "did not provide for a damages action for such a violation." *Id.* at 526. The Eighth Circuit concluded that given "the explicit reference to constitutional rights in the legislative history [of the CSRA], we cannot say that the omission of damages remedy was inadvertent." *Id.* Accordingly, Plaintiff, as a former federal employee, cannot assert a *Bivens* action for an alleged constitutional violation against Defendant.[5]

---

[4] In *Bivens v. Six Unknown Named Agents*, the Supreme Court held individuals can bring a private cause of action against federal government officials acting under color of their authority for violating the individual's constitutional rights. 403 U.S. 388 (1971).

[5] Plaintiff also cannot assert a *Bivens* action against Defendant, because Defendant is an agency – not an agency official. The Supreme Court determined in *F.D.I.C. v. Meyer* that a *Bivens* cause of action cannot be implied directly against a government agency. 510 U.S. 471, 473 (1994).

7

Even if the Court did have jurisdiction to hear this claim, Plaintiff does not have a liberty or property interest in his security clearance. *Weber v. Buhrkuhl*, 72 F.3d 134, 134 (8th Cir. 1995); *see also Dorfmont v. Brown*, 913 F.2d 1399, 1403 (9th Cir. 1990). Because Plaintiff has no liberty or property interest in his security clearance, the "requirements of due process do not apply…" *Dorfmont*, 913 F.2d at 1403. Accordingly, the revocation of Plaintiff's security clearance does not amount to a constitutional violation, and the Court grants summary judgment in favor of Defendant on Count III.

### D. Conclusion

In sum, the Court grants summary judgment in Defendant's favor as to Counts I and III. The Court transfers the case to the United States Court of Appeals for the Federal Circuit for adjudication of Count II. The Clerk's Office is directed to delay transfer of the case to the Federal Circuit, until Plaintiff's time to appeal the Court's judgment in favor of Defendant for Counts I and III has run.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 8, 2016   UNITED STATES DISTRICT COURT